```
                  United States District Court
                    District of Massachusetts
 _____
                              )
NATALIYA MIKERINA, GEORGIY    )
MIKERIN, ANASTASIA IZRAILTYAN,)
       Plaintiffs,            )
                              )     Civil Action No.
       v.                     )     11-11771-NMG
                              )
DELTA AIR LINES, INC.,        )
       Defendant.             )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Nataliya and Georgiy Mikerina, husband and wife, and plaintiff Anastasia Izrailtyan, their daughter, sue Delta Air Lines, Inc. ("Delta") for Willful Misconduct (Count I), Negligence (Count II), Breach of Contract (Count III), Failure to Discharge Duties of a Common Carrier (Count IV), Failure to Exercise Standard of Care and Due Diligence of a Common Carrier (Count V), Violation of Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705 (Count VI), Violation of 14 C.F.R. pt. 382 (Nondiscrimination and Access to Services, enacted pursuant to the ACAA) (Count VII) and Violation of Regulation (EC) No. 1107/2006 of the European Parliament ("EC 1107/2006") (Count VIII).

**I.   Background**

The complaint arises from an incident which occurred during an international flight from Moscow to New York aboard a Delta

aircraft on April 15, 2010.  During that flight, Mrs. Mikerina lost her balance while walking in the aisle and fainted as a result of a chronic neurological condition.  Her husband and daughter purportedly helped her regain consciousness and told the crew that this was not an unusual occurrence and that Mrs. Mikerina did not require emergency medical attention.

Nevertheless, the flight was diverted to Warsaw, Poland and, according to plaintiffs, during the diversion the flight crew showed a lack of knowledge of the emergency medical and diagnostic equipment on board and otherwise grossly mishandled the situation.  Specifically, plaintiffs allege that Delta 1) falsely claimed that Mrs. Mikerina had suffered a stroke or heart attack and 2) refused plaintiffs' request to speak to the captain or senior crew member about their express desire not to divert the flight.

Plaintiffs claim that, once the plane landed in Warsaw, a Polish medical crew determined that Mrs. Mikerina did not need hospitalization.  Even so, the flight attendants allegedly forced plaintiffs off the plane and refused to allow them to re-board even after an additional medical examination in the ambulance on the tarmac confirmed that Mrs. Mikerina was fit to travel.  Then, with knowledge that a volcanic ash cloud from Iceland was descending over Europe and would prevent plaintiffs from flying out of Poland that day, Delta transferred plaintiffs' baggage to

a flight out of Warsaw before plaintiffs' could claim it.

At that point, Delta (or its agent) booked a flight to New York for Ms. Izrailtyan on April 18 and for the parent plaintiffs on April 19, 2010. Due to the volcanic ash cloud, however, the Warsaw airport was closed from April 15 to April 20, 2010. Defendant therefore re-booked plaintiffs on a flight departing on April 27, 2010. Plaintiffs claim that Delta (or its agent) would not book plaintiffs on an earlier flight despite their several requests and purported medical needs. Plaintiffs ultimately booked a flight themselves on a different airline and departed Warsaw on April 21, 2010.

During the extended lay-over, plaintiffs allegedly spent six days in Warsaw and were forced to pay hotel and meal expenses. Furthermore, all three ran out of their prescribed medication and Mrs. Mikerina, without the benefit of her regular homecare attendant and safety equipment, suffered a fall in the hotel bathroom and sustained injuries. Plaintiffs request compensatory and punitive damages, costs and interest.

## II. **Procedural History**

On October 5, 2011, the defendant removed the case to this federal court asserting both diversity and federal question jurisdiction. Shortly thereafter, defendant moved to dismiss the complaint or, in the alternative, to strike plaintiffs' demand for punitive damages.

After a scheduling conference on December 9, 2011, the Court took the motion to dismiss under advisement. For the reasons explained below, defendant's motion will be allowed and plaintiffs' complaint will be dismissed without prejudice.

**III. Analysis**

    **A.   Legal Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not

applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**B. Application**

Delta contends that each count in the complaint is preempted by an international treaty, the Warsaw Convention of 1929, which provides the exclusive source of international airline passengers' rights and remedies. Delta asserts that the complaint should therefore be dismissed without leave to amend because any amendment would be futile.

The Warsaw Convention is an international treaty intended "to achieve uniformity of rules governing claims arising from international air transportation." El Al Israel Airlines v. Tsui Yuan Tseng, 525 U.S. 155, 168 (1999). The United States, the former Soviet Union and its successor states are parties to that treaty.

The Convention applies to "all international transportation of persons, baggage, or goods performed by aircraft for hire" and describe three areas of air carrier liability:

> 1) bodily injuries suffered as a result of an "accident ... on board the aircraft or in the course of any of the

operations of embarking or disembarking" (Article 17),

2) baggage or goods destruction, loss or damage (Article 18), and

3) damage caused by delay in transportation of "passengers, baggage, or goods" (Article 19).

If an action for damages falls within one of those three damage provisions, the Convention is preemptive and "provides the sole cause of action under which a claimant may seek redress for his injuries." Weiss v. El Al Israel Airlines, Ltd., 433 F. Supp. 2d 361, (S.D.N.Y. 2006). "But the corollary is also true: the Convention's preemptive effect on local law extends no further than the Convention's own substantive scope." Acevedo-Reinoso v. Iberia Lineas Aereas de Espana S.A., 449 F.3d 7, 13 (1st Cir. 2006) (quoting Tseng, 525 U.S. at 168).

Here, plaintiffs' state law claims for injury and other damage are grounded (no pun intended) on Delta's 1) in-flight response to Mrs. Mikerina's fainting episode, 2) refusal, on the tarmac, to allow Mrs. Mikerina to re-board, 3) alleged negligence in separating plaintiffs from their luggage and 4) misconduct in relation to re-booking and accommodations. All of those claims fall squarely within Articles 17 and 19 of the Convention because the alleged wrongful conduct occurred during the course of the international carriage of plaintiffs and their luggage. See Scala v. American Airlines, 249 F. Supp. 2d 176, 178 (D. Conn. 2003); Daniel v. Virgin Atlantic Airways Ltd., 59 F. Supp. 2d

986, 991 (N.D. Cal. 1998) (citing Lathigra v. British Airways PLC, 41 F.3d 535, 539 (9th Cir. 1994) (holding that claims for failing to arrange or provide substitute transportation "fall within the scope of Article 19").

Plaintiffs' statutory discrimination claims under the ACAA and EC 1107/2006 fare no better. As one federal district court has cogently observed,

> Allowing air carrier exposure to discrimination claims which do not conform to the requirements of the Convention would undercut the signatory nations' desire for uniformity and 'the Convention's comprehensive scheme of liability,' subjecting them to 'unlimited liability under diverse legal regimes.'

Brandt v. American Airlines, 2000 WL 288393, at *4 (N.D. Cal. 2000) (quoting Tseng, 119 S. Ct. at 672). This Court agrees and concludes that plaintiffs' discrimination claims are preempted by the Convention. See, e.g., King v. American Airlines, 284 F.3d 352, 361 (2d Cir. 2002) (discrimination claims under § 1981 and the Federal Aviation Act ("FAA") preempted by Warsaw Convention); Waters v. Port Authority of N.Y. & N.J., 158 F. Supp. 2d 415, 430 (D.N.J. 2001) (discrimination claims ACAA preempted by Warsaw Convention); Turturro v. Continental Airlines, 128 F. Supp. 2d 170, 181 (S.D.N.Y. 2001) (same); Brandt, 2000 WL 288393 at *4 (same).

Plaintiffs' complaint, which does not purport to state a claim under the Convention, will therefore be dismissed without prejudice. Plaintiffs may, however, amend their complaint to

allege misconduct under the Convention.  If they were, in fact, wrongfully prevented from re-boarding the flight from Warsaw to New York, perhaps they can state a cause of action for damages suffered as a result of that deprivation such as they were.

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 2) is ALLOWED.  Plaintiffs' complaint is DISMISSED without prejudice.  Plaintiffs may amend their complaint within 21 days of entry of this order.

**So ordered.**

                                  /s/ Nathaniel M. Gorton
                                  Nathaniel M. Gorton
                                  United States District Judge

Dated December 23, 2011